74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chadwick Robert MATLOCK, Petitioner-Appellant,
v.
Michael W. CARR, Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 95-5131.
(D.C.No. 94-CV-986-K).
 United States Court of Appeals, Tenth Circuit.
 Jan. 17, 1996.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court denying pro se appellant Chadwick Robert Matlock's petition for writ of habeas corpus and denying a certificate of probable cause. Matlock appeals on the grounds that the district court erred in failing to find that he was deprived of effective assistance of counsel in his Oklahoma State Court guilty plea proceedings, and that the district court further erred in refusing to grant Matlock the right to appeal out of time. We GRANT the certificate of probable cause and AFFIRM the order of the district court denying the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. 2254.
 
 
 3
 In 1992, Matlock entered into a plea agreement in which he agreed to plead guilty to six counts of robbery by fear. In accordance with the agreement, the Tulsa County District Court sentenced him to six consecutive eight year prison terms. Matlock did not attempt to withdraw his guilty plea or otherwise appeal his conviction within the applicable time period under Oklahoma state law. The record is clear that the trial judge specifically advised Matlock of his right to file an appeal and of his right to file a motion to withdraw his guilty pleas. In 1993, Matlock filed an application in the Tulsa County District Court for post-conviction relief seeking an appeal out of time, and alleging that the trial court failed to advise him of his right to appeal and his right to appointed counsel on appeal. The Tulsa County District Court denied relief and found that Matlock's trial counsel acted in a reasonably competent manner.
 
 
 4
 In the 1993 state post-conviction proceedings, Matlock raised for the first time allegations that (1) the trial court and trial counsel failed to adequately advise him of his right to court-appointed counsel on appeal and that (2) court-appointed counsel failed to contact Matlock during the ten-day period within which he could have moved to withdraw his guilty plea.
 
 
 5
 We hold that the district court correctly decided that Matlock's contention that the trial court failed to inform him of his right to appointed counsel on appeal and to an appeal free of cost is based solely on alleged violations of state law. The district court properly declined to review that claim because it does not rise to the level of a federal constitutional right that is cognizable on federal habeas corpus review. Federal habeas corpus review is available only when the petitioner alleges the violation of a federal constitutional right. 28 U.S.C. 2254.
 
 
 6
 Matlock's ineffective assistance of counsel claim is based on the alleged failure of his trial counsel to advise him of his right to appointed counsel on appeal and to an appeal free of cost. If Matlock made a showing either at the time of trial or during the appeal time that he wished to appeal his guilty pleas, counsel would have had a duty to inform him of his limited right to appeal those guilty pleas. The record contains no evidence that during the time period in which the appeal could have been taken that trial counsel knew or should have learned of his client's desire to take an appeal. Although the record contains an affidavit from Matlock's mother stating that she attempted to contact counsel, these attempts do not rise to the level of placing trial counsel on notice that Matlock believed his counsel was constitutionally inadequate. In addition, Matlock does not claim that he ever put his trial counsel on notice that he wished to appeal his guilty pleas. Under these circumstances, the district court properly found that appellant had made no showing of ineffective assistance of counsel under the standards established in Strickland v. Washington, 466 U.S. 668 (1984). We agree with the district court that Matlock's counsel provided effective assistance and that appellant is not entitled to an out of time appeal. We further agree with the district court that appellant has failed to show cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default on his claims related to procedural errors in the trial court. We affirm for substantially the reasons given by the district court.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3